UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division
Case No. 07-61926-Civ-MARRA/JOHNSON

ELIZZIE OESTRICHER,

      Plaintiff,

vs.

LABORATORY CORPORATION OF
AMERICA; LAW OFFICES OF JOEL
CARDIS, LLC; LAW OFFICES OF
MARTIN B. KOFSKY, PA; HOLY
CROSS HOSPITAL, INC; MEMORIAL
HEALTHCARE SYSTEM, INC.; AND
SOUTH FLORIDA MEDICAL IMAGING,
PA,

      Defendants.
_____ /

## DEFENDANT LABORATORY CORPORATION OF AMERICA'S
## MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant, Laboratory Corporation of America ("LabCorp"), pursuant to Rule 12(b)(6), *Federal Rules of Civil Procedure,* requests this Court enter an order dismissing with prejudice Count I of the Complaint in this matter. LabCorp also requests that this Court decline to exercise supplemental jurisdiction over any state law claims this Court deems to have been asserted against it. The grounds for this motion are set out below in the incorporated Memorandum of Law.

### Memorandum of Law

**I.**    **BACKGROUND AND ALLEGATIONS OF THE COMPLAINT**

Plaintiff's claim against LabCorp is based on an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA" or the "Act"). Plaintiff alleges that LabCorp violated the FDCPA by sending her a $120 past due notice dated March 10, 2006,

which Plaintiff attached to her Complaint as Exhibit 1. The past due notice related to a bill for certain laboratory testing services LabCorp performed on behalf of Plaintiff.

In essence, Plaintiff claims that LabCorp violated the FDCPA by sending her the relevant notice because the charge for the underlying laboratory services were subject to reimbursement by the state workers compensation program. (*See* Complaint, ¶¶16, 18, 19, 27). As such, Plaintiff claims that LabCorp was not entitled to payment directly from Plaintiff, and, therefore, was attempting to collect a debt that was not legally due or owing. (*Id.*) To be clear, Plaintiff does not allege that LabCorp contacted her in an abusive or otherwise harassing manner. Plaintiff also does not allege that she took any steps to address the status of the debt by, for example, contacting LabCorp to indicate to whom a bill should be sent, if not to Plaintiff herself.

As a threshold matter, Plaintiff alleges that LabCorp was acting as a "debt collector", as that term is defined in the FDCPA. (*See* Complaint, ¶15). This allegation is critical to the viability of Plaintiff's claim because, as explained at length below, the prohibitions of the Act only apply to statutorily defined "debt collectors." The definition of this term does not, however, include entities attempting to recoup money owed to them for services they actually rendered.

More specifically, although LabCorp was attempting to collect an amount owing for work it performed, Plaintiff alleges that, by sending a collections letter through its own collections department, which calls itself "LCA Collections, A Division of Laboratory Corporation of America," LabCorp was trying to give the impression that the relevant past due notice originated from a third party debt collector. (*See* Complaint, ¶15 and Ex. 1). Plaintiff asserts that, as a "debt collector", LabCorp "willfully, recklessly, wantonly and/or negligently ignored and refused to follow the requirements of the FDCPA," and that the actions "were done

with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff." (Complaint, ¶24, 26).

As noted above, Plaintiff has attached to the Complaint only one document relevant to her claim against LabCorp—the past due notice dated March 10, 2006 that is the subject of Count I. As discussed more fully below, the heading of the notice indicates that it is from "LCA Collections, A Division of Laboratory Corporation of America." The bottom portion of the notice consists of a detachable payment coupon, which provides the internet address of the sender (www.labcorp.com/billing). Further, the notice requests full payment to avoid "referral to Credit Collection Services for formal recovery proceedings." (*See* Complaint, Ex. 1)

## II.   SUMMARY OF THE ARGUMENT

Count I should be dismissed in its entirety and with prejudice for the following reasons:

1.     Any claim Plaintiff may have against LabCorp under the FDCPA for sending her the notice attached as Exhibit 1 to the Complaint is barred by the Act's one-year statute of limitations;

2.     Plaintiff's putative FDCPA claim against LabCorp fails to state a claim because the allegations of the Complaint and its attachments clearly demonstrate that LabCorp is *not* a "debt collector" as that term is defined by the Act, and, thus, is not subject to the Act's prohibitions; and

3.     To the extent Plaintiff is attempting to allege that LabCorp violated the Florida workers compensation statute, (a) the Complaint does not provide a short, plain statement of Plaintiff's claim in this regard, and (b) the Court should refuse to exercise supplemental jurisdiction over this claim because there is no independent basis for federal jurisdiction over LabCorp.

**III.   THE FDCPA CLAIM ASSERTED IN COUNT I OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS TIME-BARRED UNDER 15 U.S.C. §1692K(D)**

15 U.S.C. §1692k(d) provides that actions to enforce liability under the FDCPA must be commenced within one year from the date on which the violation occurs. *See also, Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113 (11th Cir. 2004).  In Count I, the Complaint alleges that LabCorp violated the FDCPA.  (Complaint, ¶27).  Plaintiff alleges that the basis for this violation is that she received *one* dunning letter from LabCorp, which was dated March 10, 2006. (Complaint, ¶15 and Ex. 1).  Plaintiff's Complaint was not filed until January 11, 2008, however, which was almost <u>two years</u> after LabCorp sent its only communication about which Plaintiff complains.  Plaintiff's FDCPA claim against LabCorp is, thus, time-barred under 15 U.S.C. §1692k(d) and must be dismissed.

**IV.   ALTERNATIVELY, PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CAUSE OF ACTION**

Even if the Court is not inclined to dismiss Count I on the basis of it being time-barred, the FDCPA claim must be dismissed under Rule 12(b)(6), FED. R. CIV. P., for failure to state a cause of action.

### A.   *Legal Standard Under Rule 12(b)(6)*

A motion to dismiss under Rule 12(b)(6) is designed to eliminate counts or complaints that fail to state a claim upon which relief may be granted.  As such, this Court must accept as true all allegations in the Complaint and must construe those allegations in the light most favorable to the plaintiff. *See Lopez v. First Union Nat'l Bank of Fla.*, 129 F. 3d 1186, 1189 (11th Cir. 1997).  This Court need not, however, accept facts that are internally inconsistent, facts that run counter to those of which this Court may take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions.  Further, regardless of the facts

alleged, this Court may dismiss a complaint on the basis of a dispositive issue of law. *See Marshall County Bd. Of Ed. v. Marshall County Gas Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993).

A document attached to the complaint and incorporated therein by reference is treated as part of the complaint for the purposes of a Rule 12(b)(6) motion to dismiss so long as the document is central to the plaintiff's claim and its authenticity is not disputed. *See Horsely v. Feldt,* 304 F. 3d 1126, 1134 (11th Cir. 2002). *See also* FED. R. CIV. P. 10(c). The "well-settled rule [is] that when a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations*." *Thompson v. Ill. Dept. of Prof. Reg.*, 300 F. 3d 750, 754 (7th Cir. 2002)(emphasis in original). "[W]here a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *Id.* Therefore, a "plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *Id.*, quoting *In the Matter of Wade,* 969 F. 2d 241, 249 (7th Cir. 1992).

**B.      Plaintiff's FDCPA Claim Asserted Against LabCorp in Count I is Barred by the Clear Language of the Act**

Count I of the Complaint should be dismissed because LabCorp is not a "debt collector" as defined by the FDCPA and, thus, is not subject to its requirements. Indeed, central to Plaintiff's FDCPA claim is her assertion that LabCorp *is* a "debt collector" as that term is defined under the FDCPA. Specifically, Plaintiff alleges that, by using the name "LCA Collections," LabCorp was "trying to give the impression of third party involvement." In other words, Plaintiff is alleging that LabCorp falls into an exception to the FDCPA that makes *creditors* subject to the Act if they try to make debtors believe they are an independent collection agency. Exhibit 1 to Plaintiff's Complaint belies this assertion, however, and clearly

demonstrates that the FDCPA simply does not apply to LabCorp as it is not, as a matter of law, a "debt collector."

### i.       Elements of the FDCPA

To prevail on a FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt,[1] (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.,* 88 F. Supp. 2d 1355, 1360-62 (S.D. Fla. 2000). Accordingly, by its terms, the FDCPA only governs the conduct of "debt collectors." The FDCPA defines a "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . [t]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own *which would indicate that a third person is collecting or attempting to collect such debts.*

15 U.S.C. §1692(a)(6) (emphasis added). Creditors[2] are not debt collectors, and, thus, are not subject to the FDCPA. *See Maguire v. Citicorp Retail Servs., Inc.,* 147 F. 3d 232, 235 (2d Cir. 1998).

This limited definition of "debt collector" meshes with the Act's intent. "The FDCPA was passed to protect innocent consumers from deceptive or harassing actions taken by debt collectors." *Ramos v. Bobell Co.,* 2003 WL 22725340 (S.D.N.Y. Nov. 20, 2003), quoting *Kropelnicki v. Siegel,* 290 F. 3d 118, 127 (2d Cir. 2002). Congress intended to prohibit all debt

---

[1] The FDCPA defines "debt" as an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. §1692(a)(5).

[2] A "creditor" under the FDCPA is "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. §1692(a)(4).

collection practices which could be characterized as unfair, including communication with acquaintances of the consumer, telephone calls made at unreasonable hours, abusing statements, threats of violence, and false or misleading representations. *See e.g., Jenkins v. Heintz,* 25 F. 3d 536, 538 (7th Cir. 1994). To that end, the statute "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specific rights." *Id.* at *2, quoting *Kropelnicki,* 290 F. 3d at 127.

Congress excluded creditors from the FDCPA believing that creditors were likely to avoid abusive debt collection tactics, ever-mindful of the need to protect their corporate goodwill. *See Aubert v. AM. Gen. Fin., Inc.,* 137 F. 3d 976, 978 (7th Cir. 1998).[3] Since the focus is the creditor's corporate goodwill, "a creditor need not use its full business name or its name of incorporation to avoid FDCPA coverage, [rather,] it can use the 'name under which it usually transacts business, or a commonly-used acronym,' or any name it has used from the inception of the credit relation." *Maguire,* 137 F. 3d at 235 (quoting *Federal Trade Commission Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act,* 53 Fed. Reg. 50097, 50107 (1988) (hereinafter, "Official FTC Commentary"); citing *Dickenson v. Townside T.V. & Appliance, Inc.,* 770 F. Supp. 1122, 1128 (S.D. W. Va. 1990)).

The Official FTC Commentary on the FDCPA explains that a creditor/corporation's collections unit that uses the creditor/corporation's goodwill is *not* a debt collector. Specifically, it states, "a creditor is a debt collector for purposes of the Act if . . . the creditor's collection's division is not clearly designated as being affiliated with the creditor; *however, the creditor is not*

---

[3] *See also* S. Rpt. No. 95-382, 95th Cong., 1st Sess., *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696 (hereinafter, "S. Rpt. No. 95-382") ("Unlike creditors, who generally are restrained by the desire to protect their good will when collecting past due accounts, independent collectors are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them").

*a debt collector if the creditor's correspondence is clearly labeled as being from the 'collections unit of the [creditor's name]' since the creditor is not using a name other than its own in that instance.*"   Official FTC Commentary, 53 Fed. Reg. at 50102 (emphasis added; brackets in original).   Therefore, a creditor's in-house collection division is not considered a debt collector so long as "it collects its own debts in the true name of the creditor or a name under which it has consistently done business."  *Id.*

If the creditor "uses a name other than its own," a creditor or its in-house collections division becomes subject to the FDCPA.   15 U.S.C. §1692(a)(6).   However, that name must "indicate that a third person is collecting or attempting to collect" the debt.  *Id.*  "[A] creditor uses a name other than its own when it uses a name that implies that a third party is involved in collecting its debts, pretends to be someone else, or uses a pseudonym or alias."  *Maguire,* 147 F. 3d at 235 (citation omitted).

When evaluating potential violations of the FDCPA, courts apply an *objective* standard based on whether the "least sophisticated consumer" would be deceived by the collection practice.  *See Jeter v. Credit Bureau, Inc.,* 760 F. 2d 1168, 1172 (11th Cir. 1985).   Such an objective standard is "designed to protect all consumers, 'the gullible as well as the shrewd,' while at the same time protecting debt collectors from liability for 'bizarre or idiosyncratic interpretations.'"  *Maguire,* 147 F. 3d at 236, quoting *Clomon v. Jackson,* 988 F. 2d 1314, 1318-20 (2d Cir. 1993).   Even the least sophisticated consumer, however, "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  *Clomon,* 988 F. 2d at 1319.   Thus, "in crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concept of reasonableness."

*Shapiro v. Dun & Bradstreet Receivable Mgm't Servs., Inc.,* 59 Fed. Appx. 406, 408 (2d Cir. 2003), quoting *Clomon,* 988 F. 2d at 1319.

### ii.    LabCorp is not a "Debt Collector" as a Matter of Law

In the Complaint, Plaintiff asserts that LabCorp identifies itself as "'LCA Collections' clearly trying to give the impression of third party involvement." (Complaint, ¶15). Plaintiff then suggests, implicitly, that LabCorp is a "debt collector" under the FDCPA. (*See* Complaint, ¶18). Indeed, unless LabCorp is a "debt collector" under the FDCPA, Plaintiff cannot recover for alleged violations of 15 U.S.C. §1692(f)(1) and §1692(e)(2)(A). (Complaint, ¶27). *See also Kaplan,* 88 F. Supp. 2d at 1360-61.

Plaintiff cannot demonstrate that LabCorp is a "debt collector" under the FDCPA. To be sure, the sole attachment to the Complaint relevant to Count I – Exhibit 1 – directly forecloses Plaintiff's ability to make such a claim. Preliminarily, the stationary heading on Exhibit 1 states that it is from "LCA Collections: *A Division of Laboratory Corporation of America.*" (Complaint, Ex. 1; emphasis added). Based on this fact alone, even the least sophisticated consumer would have recognized that LCA Collections is the in-house collections division of Laboratory Corporation of America.

*Meads v. Citicorp Credit Servs., Inc.,* 686 F. Supp. 330 (S.D. Ga. 1988) is instructive in this regard. In *Meads*, Citibank and its collection division, Citicorp Credit Service, Inc. ("CCSI") sent several letters trying to collect on a debt. Some of the collection letters included in the caption "Citicorp Credit Service, Inc., a division of Citicorp" and included "Citibank" at the bottom of the stationary. *Id.* at 331-32. Other collection letters were on CCS Collection Group stationary and included a prominent graphic stating: "A Division of Citicorp Credit Services, Inc." *Id.* at 332. The *Meads* court determined that this situation was "precisely one

sought to be excluded under [the §1692(a)(6)(B) creditor exclusion], and that neither Citibank nor CCSI are subject to" the FDCPA. *Id.* As *Meads* makes clear in this case, by labeling LCA Collections "A Division of Laboratory Corporation of America," LabCorp cannot be said to be "using a name other than its own" and "is not a debt collector." *See id.*

The Official FTC Commentary is in accord. According to the FTC, a creditor is not a "debt collector" when it collects a debt through its in-house collections unit and the correspondence is clearly labeled as being from the "collections unit of the [creditor's name]." Official FTC Commentary, 53 Fed. Reg. at 50102. LabCorp has done exactly what the FTC commentary contemplates and permits. As is obvious in Exhibit 1, LCA Collections is an in-house collections unit of LabCorp.

The stationary heading "LCA Collections: A Division of Laboratory Corporation of America" also comports with the reason Congress did not include creditors or their in-house collection units as "debt collectors" under the FDCPA. By using the acronym "LCA," which is easily and logically associated with Laboratory Corporation of America, and by stating that LCA is a "Division of Laboratory Corporation of America," LabCorp has put its corporate name, reputation, and goodwill at stake and has clearly communicated that it is collecting its own debts and that the consumer is not dealing with a third-party debt collector. Congress has determined that this use of the "LCA" acronym sufficiently constrains LabCorp's collection practices such that it cannot be deemed a "debt collector" for the purposes of the FDCPA. *See Aubert,* 137 F. 3d at 978; S. Rpt. No. 95-382.

Exhibit 1 to the Complaint establishes that Plaintiff cannot successfully argue that LabCorp is a "debt collector." Cases in which a creditor uses a name other than its own are only actionable under the FDCPA where the creditor entirely "pretends to be someone else or uses a

10

pseudonym or alias." *Maguire,* 147 F. 3d at 235, quoting *Villarreal v. Snow,* 1996 WL 473386 at *3 (N.D. Ill. Aug. 19, 1996).

*Maguire* demonstrates the type of conduct that can transform a mere creditor into a debt collector subject to the FDCPA. In *Maguire,* the Second Circuit found that Citicorp Retail Services, Inc., was using a name other than its own when it attempted to collect a debt through a debt collection unit simply called "Debtor Assistance." *Id.* at 234. Although the letter to the debtor did include a single reference to the acronym "CRS," "the cryptic reference . . . was buried in the body of the letter's text." *Id.* at 237. *See also Lester E. Cox. Medical Centers v. Huntsman,* 2003 WL 22004998 (W.D. Mo. Aug. 5, 2003) (holding that Cox Medical Centers has attempted to collect a debt under a different name in using the name "Ozark Professional Collections" to collect debts).

At the same time, regardless of the name under which the debt is sought to be collected, FDCPA liability does not arise when the relationship between the collection entity and the corporate creditor is apparent. *Cf. Young v. Lehigh Corp.,* 1989 WL 117960, *22 (N.D. Ill. 1989)(finding that plaintiff could not have been "duped into believing that Lehigh Corporation was not affiliated with Lehigh Country Club, Inc."). *See also Karp v. Siegel,* 1998 WL 314769, *4 (S.D.N.Y. June 12, 1998)(holding that attorney's stationary, which stated below his name "American Express Travel Related Services Company, Inc." and at the bottom of the letter stated "An American Express Company" unambiguously showed an affiliation between the attorney and American Express, and therefore, he could not be a "debt collector").

Here, the nature of the LCA acronym and the ubiquitous use of "Laboratory Corporation of America" in LabCorp's correspondence with Plaintiff, attached to the Complaint as Exhibit 1, make it readily apparent to even the least sophisticated consumer that LCA Collections is related

to Laboratory Corporation of America.   In addition, Exhibit 1 contains other indicia to demonstrate to the least sophisticated consumer that s/he was dealing with LabCorp.  *Button v. GTE Service Corp.,* 1996 WL 943904 (W.D. Mich. Oct. 15, 1996), is instructive in this regard. In *Button*, GTE Service Corporation had used the name "National Credit Management Center" to collect its own debts.  On a motion to dismiss, the court determined that, "in light of the course of communications, the stationary letterhead used, the return address on the envelopes, the address to which payment was to be returned, and the text of the correspondence," the relatedness of GTE Services Corporation and National Credit Management Center was apparent. The court explained that "even the least sophisticated consumer, who is able to read, and is presumed to have read the notices with some caution, would be able to determine that National Credit Management Center is part of or related to defendant GTE Service Corporation, not a third-party debt collector or collection agency." *Id.* at *2.  The *Button* court determined that any "contrary conclusion could only be fairly characterized as idiosyncratic or the product of carelessness." *Id.*

This case is analogous.  The detachable payment coupon on Exhibit 1 lists an internet address for web payment options that is clearly related to LabCorp: www.**labcorp**.com/billing. The text of the relevant notice also puts any doubts as to the relatedness of LCA Collections to LabCorp to rest, as it states "LabCorp provided lab work at your physician's request. . . . When your physician requested *our* services, *we* did not ignore the request or question your credit. However, you have ignored *our* request for payment of the service."  (Complaint, Ex. 1) (emphasis added).  Significantly, the relevant notice further states that "[u]nless this office receives full payment within 20 days, your account is scheduled for referral to Credit Collection Services for formal recovery proceedings."  Even the least sophisticated consumer could not

reasonably infer from this text that LCA Collections was a third-party collection agency; only a creditor or its internal collections unit would inform a debtor that his or her account could be *forwarded to* a collection service.

In sum, the nature of the acronym associated with LabCorp's collection division, the internet address, and even the text of the relevant notice disproves Plaintiff's implicit suggestion that the least sophisticated consumer could believe that the subject letter had come from a third-party collection agency. Further, when this information is considered in conjunction with the unambiguous letterhead on Exhibit 1, it is impossible, or would be at least highly idiosyncratic, for a consumer with even a rudimentary amount of information about the world and a willingness to read to assert that she reasonably believed that the letter came from a third-party debt collector.

For all these reasons, Plaintiff cannot suggest that LabCorp is a "debt collector" under the FDCPA and, thus, cannot set forth any claim against LabCorp for violating any aspect of the FDCPA. Count I of the Complaint should be dismissed with prejudice.

## V.     TO THE EXTENT PLAINTIFF ALSO ATTEMPTS TO ASSERT A STATE LAW CLAIM AGAINST LABCORP, COUNT I OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED

### A.     *Count I Fails to Comply with Rule 8(a), Fed. R. Civ. P.*

Rule 8(a), FED. R. CIV. P., requires pleadings to contain:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

As pled, Count I does not comply with Rule 8(a). Plaintiff has labeled Count I as a "Violation of the Fair Debt Collection Practices Act." Throughout Count I, Plaintiff makes factual and legal allegations attempting to suggest LabCorp's violation of the FDCPA. (*See e.g.,* Complaint, ¶15,

17-18, 20-21, 24, 27-28).  Indeed, Plaintiff specifically alleges that LabCorp violated 15 U.S.C. §1692f(1) and §1692(e)(2)(A), two provisions of the FDCPA.  (Complaint, ¶27).

At the same time, however, in paragraph 1 of the Complaint, Plaintiff generally states that "[t]his is an action brought by a consumer for violations of" the FDCPA *and* the Florida Workers' Compensation Act, §§440.09 and 440.13 ("FWCA").  She then references in Count I violations of the FWCA without specifying whether (a) her allegation is that LabCorp actually violated the FWCA, or (b) she is seeking from LabCorp relief under that Act.  Although Plaintiff references alleged violations of the FWCA in Count I, Count I's Prayer for Relief specifically requests relief only under FDCPA provisions 15 U.S.C. §1692k(a)(1), §1692k(a)(2), and §1692k(a)(3).  (Complaint, ¶18-19, 22-23).

If Plaintiff intended to state a cause of action against LabCorp for violation of the FWCA, then surely, as pled, she has failed to do so with even the meager level of specificity required by Rule 8(a).  Accordingly, LabCorp cannot determine whether Plaintiff is actually making an FWCA claim against it, and, if so, what her basis and relief sought is for that particular claim.

### B.   With No Basis for Federal Jurisdiction, Any State Law Claim Must Also Be Dismissed or Severed

To the extent the Court determines that Plaintiff has adequately pled a claim under the FWCA, it must be dismissed.  Plaintiff alleges that federal question jurisdiction exists here under 28 U.S.C. §1331, and that this Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.  (Complaint, ¶2-3).  When all of the claims over which the Court may have had original federal question jurisdiction have been dismissed, the decision whether to exercise supplemental jurisdiction over pendent non-federal claims is fully discretionary.  *See* 28 U.S.C. §1367(c)(3).  In *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S. Ct. 1130,

16 L. Ed. 2d 218 (1966), the Supreme Court advised that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id*. at 726.

Admittedly, even if the Court dismisses Plaintiff's FDCPA claim alleged against LabCorp in Count I, additional Federal claims alleged against other defendants – claims not addressed by this Motion – may remain at issue. The Court should nevertheless exercise its discretion and decline to exercise supplemental jurisdiction over any pendent non-federal claims it deems to have been alleged against LabCorp. Indeed, Plaintiff's claim against LabCorp is wholly unrelated to claims she has asserted against the other defendants. Although all of her claims apparently arise from alleged billing issues stemming from medical treatment received by Plaintiff during the course of a Workers' Compensation claim, the Complaint clearly indicates that each count is related to a different medical entity, a different medical bill, and a different date of service than Count I involving LabCorp.

If the Court dismisses the FDCPA claim against LabCorp, then there is no reason for LabCorp to remain here in Federal court. *See also Villas of Lake Jackson, Ltd. v. Leon County,* 906 F. Supp. 1509, 1522 (N.D. Fla. 1995)(noting that when federal claims are dismissed prior to trial, dismissal of the remaining state law claims is "strongly encourage[d] or even require[d]"); *Tonkovich v. Kansas Bd. Of Regents,* 254 F.3d 941, 945 (10th Cir. 2001)(explaining that considerations of judicial economy, convenience, and fairness do not favor retaining jurisdiction where there has been a relative lack of pretrial proceedings and a total absence of discovery). Certainly, in this case, no party will be prejudiced if the Court declines to retain its supplemental jurisdiction. Further, the proceedings are at an extremely early stage and there has been no discovery. These facts, coupled with the fact that Plaintiff's claim against LabCorp is unrelated

in any material sense to any other claim she has asserted, support that this Court should decline to consider any pendent state law claims that it determines have been adequately pled against LabCorp.[4]

## VI. CONCLUSION

For the foregoing reasons, Defendant, Laboratory Corporation of America, respectfully requests the following:

1.     That this Court dismiss the FDCPA claim asserted against LabCorp in Count I of Plaintiff's Complaint with prejudice; and

2.     That this Court decline to exercise supplemental jurisdiction over any State law claim that it deems to have been adequately pled against LabCorp.

**Dated:  January 31, 2008**
     Tampa, Florida                     Respectfully submitted,

                                         s/ Robert R. Hearn

                                         Robert R. Hearn (Fla. Bar No. 0067687)
                                         hearnr@phelps.com
                                         Morvarid M. Jones  (Fla. Bar No. 0560324)
                                         jonesm@phelps.com
                                         PHELPS DUNBAR LLP
                                         100 South Ashley Drive • Suite 1900
                                         Tampa, Florida 33602-5311
                                         Telephone: (813) 472-7550
                                         Facsimile:  (813) 472-7570
                                         Attorneys for Defendant Laboratory Corporation of America

---

[4] Should the Court decline to decide at this time the issue of its supplemental jurisdiction, LabCorp would request that the Court enter an Order requiring Plaintiff to clarify and specify all remaining state law claims pending against LabCorp. *See* Rule 12(e), FED. R. CIV. P.

16

## CERTIFICATE OF SERVICE

I hereby certify that on **January 31, 2008,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Robert R. Hearn

## SERVICE LIST
**Ellizie Oestricher vs. Laboratory Corporation of America, et al.**
**Case No. 07-61926-Civ-MARRA/JOHNSON**
**United States District Court, Southern District of Florida**

**Paul A. Herman, Esq.**
Email:  paulh@fclawgroup.com
Fair Credit Law Group, LLC
20423 State Road 7, Suite F6-477
Boca Raton, Florida  33498
Telephone:  561-236-8851
Facsimile:   561-451-3461
Attorneys for Plaintiff Ellizie
Oestricher
Served via transmission of Notice of
Filing generated by CM/ECF

17