UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61926-CIV-MARRA/JOHNSON

ELIZZIE OESTRICHER,

    Plaintiff,

vs.

LABORATORY CORPORATION
OF AMERICA, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Laboratory Corporation of America's ("Labcorp") Motion to Dismiss Complaint [DE 4]; Plaintiff Elizzie Oestricher's ("Plaintiff") Motion to Amend/Correct Original Complaint [DE 6] and Plaintiff's Motion to Amend/Correct Leave for Second Amended Complaint [DE 16]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

On January 2, 2008, Plaintiff filed a six-count Complaint alleging violations of the Fair Debt Collection Practices Act (Fed.DCPA) against Defendants Labcorp (count I), Law Offices of Joel Cardis, LLC ("Cardis") (count II) and Law Offices of Martin B. Kofsky, P.A. ("Kofsky") (count III) and violations of the Florida Consumer Collection Practices Act (Fla.CCPA) against Holy Cross Hospital, Inc. ("Holy Cross") (count IV), Memorial Healthcare System, Inc. ("Memorial") (count V) and South Florida Medical Imaging, P.A.("SF Medical Imaging") (count VI). The Complaint alleges that Plaintiff was injured in a work-related accident, filed a claim for workers' compensation benefits and sought and received medical care. (Compl. ¶ ¶ 12-13.)

According to the Complaint, Defendants violated the Fed.DCPA and Fla.CCPA when they sought payment from Plaintiff because, under Florida workers' compensation law, an injured worker is not liable for medical treatment or services and a medical provider may not receive a fee from the injured worker. (Compl. ¶ 19.)  On January 31, 2008, Labcorp filed a motion to dismiss the Complaint [DE 4], claiming that Plaintiff's claim is barred by the Fed.DCPA's statute of limitations.

Plaintiff then sought leave to file the First Amended Complaint [DE 8].  The First Amended Complaint alleges a violation of the Fed.DCPA against Cardis (count I) and violations of the Fla.CCPA against Labcorp (count II), Kofsky (count III), Holy Cross (count IV), Memorial (count V) and SF Medical Imaging (count VI).  Later, Plaintiff dismissed with prejudice the only federal claim remaining in the case against Cardis on March 4, 2008 [DE 11, 13].

In opposing Plaintiff's leave to file the First Amended Complaint, Labcorp argued that Plaintiff's dismissal of the only federal claim in this action divested the Court of subject-matter jurisdiction [DE 15].  Plaintiff then moved to file a Second Amended Complaint to include a Fed.DCPA claim against a new defendant, Healthcare Revenue Recovery Group, LLC.  The Second Amended Complaint reasserts the same Fla.CCPA claims against Defendants Labcorp, Kofsky, Holy Cross, Memorial and SF Medical Imaging [DE 16].  Labcorp opposes the Second Amended Complaint, contending that Plaintiff's motion is not ripe until the Court rules on the application to file the First Amended Complaint.  In addition, Labcorp states that the Court should not exercise supplemental jurisdiction over the state law claim against Labcorp.   In response, Plaintiff argues that if she had waited to file the Second Amended Complaint, unnecessary costs would have been incurred.  Plaintiff also points out that all of the claims

against the different entities stem from her seeking workers' compensation benefits.

With respect to the First Amended Complaint, the Court notes that Rule 15(a) of the Federal Rules of Civil Procedure entitles Plaintiff to amend her pleading once as a matter of course before being served with a responsive pleading. By filing a motion to dismiss as opposed to an answer, Labcorp did not file a "responsive pleading." See Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284 (11th Cir. 2000). Therefore, Plaintiff did not need leave to amend her complaint and the First Amended Complaint was properly filed. Thus, Labcorp's Motion to Dismiss the Original Complaint and Plaintiff's Motion to Amend/Correct the Original Complaint are denied as moot.

Although properly filed, Plaintiff dismissed with prejudice the only federal claim alleged in the First Amended Complaint. Thus, the Court must examine whether subject-matter jurisdiction can be asserted over the remaining state law claims in the First Amended Complaint by virtue of supplemental jurisdiction, 28 U.S.C. § 1367. That statute provides in part:

> . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367 (a).

In determining whether state law claims "are so related" to a federal claim, a court should examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir.1996); see Lucero v. Trosch, 121 F.3d 591, 598 (11th Cir. 1997) (finding state and federal claims derive from common nucleus of operative facts because the claims rely on identical actions of defendants); Palmer v. Hospital

Auth. of Randolph County, 22 F.3d 1559, 1563-64 (11th Cir. 1994) (standard met when federal and state claims involve same witnesses, presentation of same evidence, determination of same facts); L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 427 (11th Cir. 1984) (acts by same witnesses were basis for both federal and state claims).

It is without question that a claim brought pursuant to the Fed.DCPA provides a private right of action and original jurisdiction in federal court, thereby making it a substantial federal claim. 15 U.S.C. 1692k, 28 U.S.C. § 1331; see Palmer, 22 F.3d at 1563; cf. Warehouse Groceries Management v. Sav-U-Warehouse, 624 F.2d 655, 659 (5th Cir.1980)[1] (dismissal of federal claims on the merits does not necessarily keep those claims from being "substantial" for purposes of jurisdiction over pendent state law claims). The pivotal question before the Court then is whether the state law claims arise out of a common nucleus of operative facts with the now-dismissed federal claim. The Court finds that they do not.

Each claim in the First Amended Complaint (as well as the Second Amended Complaint for that matter) is a separate case or controversy and none of the state law claims relate to the federal claim.  Each claim is against a separate Defendant that provided Plaintiff medical treatment and sought payment for that medical treatment by sending separate invoices, medical bills or letters to Plaintiff.  For example, the Fla.CCPA count against Labcorp involves a March 10, 2006 invoice for laboratory services provided to Plaintiff on October 19, 2005 in the amount of $120.00 (ex. 1, attached to Compl.), whereas the Fla.CCPA count against Holy Cross concerns a May 23, 2006

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

statement in the amount of $871.46 for services provided on July 30, 2004 (ex. 4, attached to Compl.). Likewise, the dismissed Fed.DCPA claim involved a July 25, 2007 collection letter for $3,819.95. (Ex. 2, attached to Compl.)  Indeed, a review of the exhibits attached to the original Complaint shows that the dates of services range from July 2004 to July 2007.

Clearly, then, these claims do not derive from a common nucleus of operative facts.  To prove each violation, Plaintiff will need to present different evidence and witnesses pertaining to the circumstances surrounding receipt of medical treatment from each provider and the attempts by each provider to collect payment.  Presumably, the only evidence common to all claims will be Plaintiff's testimony that she was injured in the workplace and sought workers' compensation benefits. Significantly, the Eleventh Circuit has found facts similar to these inadequate for asserting supplemental jurisdiction.  In Hudson, retired pilots sued Delta Airlines under ERISA for pension benefits and state law breach of contract regarding flight privileges. Hudson, 90 F.3d at 453. The Court found no supplemental jurisdiction, stating that the mere fact that Delta's decision involved the same retirees was not enough to support supplemental jurisdiction over the state law claim.  Id. at 456.  Like here, the fact that the medical services and invoices were received by Plaintiff, standing alone, is not enough to support supplemental jurisdiction.  The facts necessary to support each separate claim are unrelated to the facts surrounding the other claims and will require separate proof to demonstrate the allegedly wrongful conduct.  As such, supplemental jurisdiction does not exist over the remaining state law claims.

Had Plaintiff not sought leave to file a Second Amended Complaint, the Court would simply dismiss without prejudice the state law claims and Plaintiff would be free to file those claims in state court. See Crosby v. Paulk, 187 F.3d 1339, 1352 (11th Cir. 1999) (dismissing state law claims

without prejudice so that they can be refiled in state court). Before making that ruling, however, the Court must consider whether it should grant Plaintiff leave to file a Second Amended Complaint. Clearly, the Court will not exercise supplemental jurisdiction over the state law claims alleged in Second Amended Complaint as those are identical to the claims alleged in the First Amended Complaint. As it stands then, the Second Amended Complaint is, in essence, a new lawsuit against a new defendant (Healthcare Revenue Group, LLC) involving allegations of wrongful acts unrelated to the claim against Cardis or any other previous defendant. When Plaintiff dismissed Cardis, she voluntarily extinguished this federal case or controversy. Kay v. Online Vacation Ctr. Holdings Corp., — F. Supp. 2d —, 2008 WL 752743, * 2 (S.D. Fla. Mar. 20, 2008). Plaintiff may not use this case as a vehicle to pursue an unrelated federal claim against a new defendant. Instead, Plaintiff must file a new lawsuit, not an amended complaint.[2]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant Labcorp's Motion to Dismiss Complaint [DE 4] is **DENIED AS MOOT**.

2) Plaintiff's Motion to Amend/Correct Original Complaint [DE 6] is **DENIED AS MOOT**.

3) Plaintiff's Motion to Amend/Correct Leave for Second Amended Complaint [DE 16] is **DENIED**.

4) The state law claims against Defendants Labcorp, Kofsky, Holy Cross, Memorial

---

[2] The Court notes that concurrent jurisdiction exists over the Fed.DCPA claim, allowing Plaintiff to bring all of the claims in the Second Amended Complaint in one action in state court. 15 U.S.C.A. § 1692k(d); see Byrd v. Homecomings Financial Network, 407 F. Supp. 2d 937, 943 (N.D. Ill.2005) (state and federal courts have concurrent jurisdiction over Fed.DCPA claims). Of course, Plaintiff may choose to file a new action against Healthcare Revenue Group, LLC in federal court and pursue her state law claims in state court.

and SF Medical Imaging are **DISMISSED WITHOUT PREJUDICE** and may be refiled in state court.

5) The federal claim against Healthcare Revenue Recovery Group, LLC is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff may refile this claim in federal or state court.

6) The Clerk shall **CLOSE** this case and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of April 2008.

_____
KENNETH A.  MARRA
United States District Judge